PAUL H. SACCOCCIO, ESQ.  3600
66-037 Kamehameha Hwy. Suite #3
Haleiwa, HI 96712
Tel: (808) 637-7611
Email: sacco@hawaii.rr.com

STEPHEN M. SHAW, ESQ.  4336
P.O. Box 2353
Honolulu, Hawaii  96804
Tel: (808) 521-0800
Email: shawy001@gmail.com

Attorneys for Plaintiff
MATTHEW R. LEIMBACH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW R. LEIMBACH, <br><br> Plaintiff, <br><br> vs. <br><br> HAWAII PACIFIC HEALTH, WILCOX MEMORIAL HOSPITAL, KAUAI MEDICAL CLINIC, WILCOX HEALTH SYSTEM, and DOES 1-50, <br><br> Defendants. | CIVIL NO.  14-00246 JMS-RLP (EMTALA) <br><br> PLAINTIFF MATTHEW R. LEIMBACH'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS, PURSUANT TO FRCP 36 <br><br><br> Judge: Honorable J. Michael Seabright <br> Magistrate Judge: <br>     Honorable Richard L. Puglisi <br><br> Trial Date: 11/1/2016 at 9:00 a.m. |

# EXHIBIT "B"

1

# PLAINTIFF MATTHEW R. LEIMBACH'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS, PURSUANT TO FRCP 36

To:  Jan M. Vernon, Esq.
William S. Hunt, Esq.
Alston Hunt Floyd & Ing
1001 Bishop Street, Suite 1800
Honolulu, HI 96813

(Attorneys for Defendants)

COME NOW Plaintiff MATTHEW R. LEIMBACH, (hereinafter, referred to as "Plaintiff"), by and through Stephen M. Shaw, Esq. and Paul H. Saccoccio, Esq. and hereby requests that Defendants admit in writing, pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP") as follows: Plaintiff, pursuant to FRCP 36 requests that defendants admit the truth of the matters numbered herein which relate to facts, the application of law to fact or opinions about either.

FRCP 36(a) requires, in relevant part:

"…(3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

(4) *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information

1

as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(5) *Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that it presents a genuine issue for trial."

As used in these REQUESTS FOR ADMISSIONS:

A.  Defendant HAWAII PACIFIC HEALTH ("HPH") is a non-governmental corporation. Kauai Medical Clinic ("KMC") and Defendant Wilcox Memorial Hospital ("WMH") are wholly-owned subsidiaries of HPH. Defendant Wilcox Health System ("Wilcox") is, on information and belief, a wholly owned subsidiary of HPH. In December of 2001, on information and belief, Wilcox and KMC merged. Collectively, said defendants are referred to herein as "Defendant Hospital" or "HPH").

B.  "Defendant" means HPH.

C.  'You" or "Your" means HPH,

D.  "Plaintiff" means Matthew R. Leimbach.

E.  "Relate," or any variant thereof, including, but not limited to, the term "relating to," shall be understood to apply if the data or information evidences, mentions, constitutes, contains, summarizes, describes, concerns, refers to (directly or indirectly), supports, contradicts, addresses in any way or otherwise deals with the subject matter described in the Request in which the term "relate," or any

2

variant thereof, appears.

    F.    "Document" shall include, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing or record of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, whether or not said writings or records are claimed to be privileged or otherwise immune from discovery including by way of illustration and not limitation, the following items: notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, videos, maps, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or

summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports and/or summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks and/or scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any documents; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy, or any other storage or recording medium.

G.  "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense also shall include the past tense.  The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all facts, evidence, documents or things that might otherwise be construed to be outside its scope.

H.  FAC means Plaintiffs' First Amended Complaint filed on 4-1-15in the above-captioned matter.

DATED:   Honolulu, Hawaii, April 13, 2015.

/s/ *STEPHEN M. SHAW*
_____
STEPHEN M. SHAW
PAUL H. SACCOCCIO
Attorneys for Plaintiff
MATTHEW R. LEIMBACH

# REQUESTS FOR ADMISSION

1.   You provided medical records of Matthew Leimbach's visits on May 24, 2012, to Plaintiff.

( ) admit
( ) deny

2.   You provided medical records of Matthew Leimbach's visits on May 24, 2012, to Plaintiff which are incomplete.

( ) admit
( ) deny

3.   You provided medical records of Matthew Leimbach's visits on May 24, 2012, to Plaintiff which Mark Magelssen, M.D. disagrees with.

( ) admit
( ) deny

4.   Mark Magelssen was the Wilcox Hospital Emergency Room physician on May 24, 2012.

( ) admit
( ) deny

1

5.  Dr. Magelssen's disagreement with the Kauai Medical Clinic's (KMC) blood pressure result was not charted.

( ) admit
( ) deny

6.  Dr. Magelssen's other disagreements with KMC relating to Plaintiff were not charted.

( ) admit
( ) deny

7.  All the questions by HPH providers to Plaintiff on May 24, 2012 were not recorded in the medical records.

( ) admit
( ) deny

8.  You have policies regarding information placed in the medical records you provided to Plaintiff.

( ) admit
( ) deny

9.  Your defense is based in part on facts relating to Matthew Leimbach's visits you adduced on May 24, 2012 which are not in the medical records for that day.

( ) admit
( ) deny

2

10.   In the defense of this lawsuit, you will present documentary evidence relating to your medical screening examination provided to Plaintiff on May 24, 2012, limited to the medical record for that day.

( ) admit
( ) deny

11.   In the defense of this lawsuit, you will present documentary evidence relating to your medical screening examination provided to Plaintiff on May 24, 2012, limited to the medical record for that day, including the KMC record.

( ) admit
( ) deny

12.   In the defense of this lawsuit, you will present evidence relating to your medical screening examination provided to Plaintiff on May 24, 2012, which evidence you have yet to provide to Plaintiff.

( ) admit
( ) deny

13. You have records of all referrals for MRIs from Wilcox E.D.

( ) admit
( ) deny

14. You have records of all referrals for CT scans from Wilcox E.D.

( ) admit
( ) deny

3

15. The nurse's statement on 5-24-12 about scans HPH usually used for symptoms like Plaintiff's is not in the medical record.

( ) admit
( ) deny

16. The medical record of 5-24-12 lacks Plaintiff's responses to all questions asked by HPH employees during the visits that day.

( ) admit
( ) deny

17. The medical record of 5-24-12 does not contain Plaintiff's statement that he suffered lacerations to the left foot from coral.

( ) admit
( ) deny

18.   The medical record of 5-24-12 does not contain Plaintiff's statement that he had been on a surf trip to Indonesia for three weeks.

( ) admit
( ) deny

19. One or more of your patients have been diagnosed with necrotizing fasciitis (NF) after receiving an MRI.

( ) admit
( ) deny

4

20.    One or more of your patients have been diagnosed with necrotizing cellulitis (NC) after receiving an MRI.

( ) admit
( ) deny

21. One or more of your patients have been diagnosed with necrotizing fasciitis (NF) after receiving a CT scan.

( ) admit
( ) deny

22.    One or more of your patients have been diagnosed with necrotizing cellulitis(NC) after receiving a CT scan.

( ) admit
( ) deny

23. You did not order a CT scan or MRI for Plaintiff on May 24, 2012.

( ) admit
( ) deny

24. On May 24, 2012 your nurse told Plaintiff that the scanning equipment was down.

( ) admit
( ) deny

5

25. The allegations in the First Amended Complaint are true.

( ) admit
( ) deny


26. Prior to May 24, 2012, HMSA agreed to provide a bonus to you if HPH providers could show a drop in unnecessary tests.

( ) admit
( ) deny


27. You contend that an MRI or CT scan provided to Plaintiff on May 24, 2012 by HPH would amount to medically unnecessary testing.

( ) admit
( ) deny


28. After February 1, 2011, there was a decline in the annual number of MRIs recommended by the Wilcox E.D.

( ) admit
( ) deny


29. Reimbursement for a leg MRI given to a Medicaid patient in May of 2012 was lower than HPH's costs to administer the MRI.

( ) admit
( ) deny

6