PAUL H. SACCOCCIO, ESQ. 3600
66-037 Kamehameha Hwy. Suite #3
Haleiwa, HI 96712
Tel: (808) 637-7611
Email: sacco@hawaii.rr.com

STEPHEN M. SHAW, ESQ. 4336
P.O. Box 2353
Honolulu, Hawaii 96804
Tel: (808) 521-0800
Email: shawy001@gmail.com

Attorneys for Plaintiff
MATTHEW R. LEIMBACH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW R. LEIMBACH,<br><br>                Plaintiff,<br><br>vs.<br><br><br><br>HAWAII PACIFIC HEALTH,<br>WILCOX MEMORIAL HOSPITAL,<br>KAUAI MEDICAL CLINIC,<br>WILCOX HEALTH SYSTEM,<br>and DOES 1-50,<br><br>                Defendants. | CIVIL NO. 14-00246 JMS-RLP<br>(EMTALA)<br><br>PLAINTIFF MATTHEW R. LEIMBACH'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS, PURSUANT TO FRCP 34<br><br><br><br>Judge: Honorable J. Michael Seabright<br>Magistrate Judge:<br>    Honorable Richard L. Puglisi<br><br>Trial Date: 11/1/2016 at 9:00 a.m. |

1

**EXHIBIT A**

# PLAINTIFF MATTHEW R. LEIMBACH'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS, PURSUANT TO FRCP 34

A. **Demand**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants are required to serve a written response on the undersigned and to produce for examination, inspection and copying by the undersigned all requested documents and/or things at Professional Image Inc. (Attention: Abraham) at 841 Bishop Street, Honolulu, HI 96813. Telephone: (808) 524-0233, on **June 8, 2015 (Monday) at 1:00 p.m.**

All electronically stored information must be produced in compact disc or hard copy.

B. **Introduction**

This request shall be deemed continuing so as to require supplemental and/or amended written responses if other documents and/or things are obtained or located pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

1. Pursuant to FRCP 34(a)(1)(A), Defendants ("you") are required, in responding to this request, to obtain and furnish all information available to you and any of your representatives, employees, agents, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control,

1

or in the possession or under the control of any of your representatives, employees, agents, servants or attorneys, including without limit:

> "any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form ..."

2. Each request which seeks information relating in any way to communications, to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

3. Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the files from which such documents were taken.

5.  If you object to part of any request, please furnish documents responsive to the remainder of the request.

6.  Each request refers to all documents that are either known by you to exist or that can be located or discovered by reasonably diligent efforts.

7.  The documents produced in response to this request shall include all attachments and enclosures.

8.  All documents called for by this request or related to this request, for which you claim a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:  (a) the place, date and manner of recording or otherwise preparing the document; (b) the name and title of the sender; (c) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document; (d) the person or persons supplying your attorneys with the information requested above; (e) the identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication; (f) type of document; (g) subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and, (h) factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for non-production.

9. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or in directly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

10. All documents produced in response to this request shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested.

11. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

12. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

13. With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody or control, the manner in which it is ceased, and the name and address of its present custodian.

14. With regard to any documents referred to in these requests, which are in existence but are not physically in your possession or custody, but which are in your control, Plaintiff requests that you execute authorizations to allow Defendant to obtain and examine copies of said records.

## DEFINITIONS

As used in this REQUEST FOR PRODUCTION OF DOCUMENTS:

A. "HPH" is as defined in the First Amended Complaint.

B. "Defendants" mean HAWAII PACIFIC HEALTH, WILCOX MEMORIAL HOSPITAL, KAUAI MEDICAL CLINIC, WILCOX HEALTH SYSTEM.

C. 'You" or "Your" means Defendants.

D. "Similar" means, where used "having characteristics in common… alike in substance or essentials". *See* Merriam Webster On Line Dictionary.

E. "Plaintiff" means Matthew R. Leimbach.

F. "Claims" means bills, CMS1500s, HCFA 1500s or any other method

5

of transmitting a demand or request for payment from to payers.

G     "Relate," or any variant thereof, including, but not limited to, the term "relating to," shall be understood to apply if the data or information evidences, mentions, constitutes, contains, summarizes, describes, concerns, refers to (directly or indirectly), supports, contradicts, addresses in any way or otherwise deals with the subject matter described in the Request in which the term "relate," or any variant thereof, appears.

H.     "Document" shall include, without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing or record of every type, form, and description that is in the possession, custody, or control of the responding party, or which no longer is in the responding party's possession but of which the responding party still has knowledge, whether or not said writings or records are claimed to be privileged or otherwise immune from discovery including by way of illustration and not limitation, the following items: **peer review records, medical records, to include coding, claims, and billing records,** notes, correspondence, communications of any nature (including intra-company communications and correspondence), electronic mail messages, telegrams, cables, memoranda (including internal memoranda), notebooks of any nature, including laboratory and engineering reports; summaries, minutes and records of telephone conversations, personal

6

conversations or interviews; diaries, routing slips or memoranda, reports (including tests and analysis reports), books, manuals, publications, invoices, specifications, shipping papers, purchase orders, shop instrument output, plans, patterns, drawings, flow charts, schematics, diagrams, photographs of any nature, videos, maps, artists' drawings, sketches, blueprints, minutes or recordings of meetings and conferences, including lists of persons attending meetings or conferences; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; forecasts; reports of patent searches; patent opinions, analyses or appraisals; agreements and contracts (including all modifications or revisions thereof); reports and/or summaries of negotiations; court papers, labels, tags, placards, fliers, counter cards, brochures, pamphlets, advertisements, advertising layouts, circulars, trade letters, press releases, and translations; presentations, including boards, transparencies, storybooks and/or scripts; drafts of original or preliminary notes on, and marginal comments appearing on, any documents; whether said writings or records are on paper, magnetic disk, tape or other computer or digital storage medium, microfilm, microfiche, floppy, or any other storage or recording medium.

  I. "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense also shall

include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

    J.    "FAC" means Plaintiff's First Amended Complaint, filed on April 1, 2015 (**Doc 21**), in the above-captioned matter.

///

///

///

# **DOCUMENTS TO BE PRODUCED**

1. All information or documents used for the motion, answer, or other response by Defendants to the First Amended Complaint (FAC) or its successor(s).

2. All information, including documents, relating to contents of your electronic and non-electronic filing systems including tables of contents, (TOC), and the like.

3. All information, including documents, relating to medical records of Plaintiff, and communications, particularly email involving Plaintiff.

4. All information, including documents, relating to Defendants' protocols, procedures, rules, and the like to identify necrotizing fasciitis (NF), necrotizing cellulitis, sepsis and the symptoms and risk factors related thereto, in use since 1990.

5. All information, including documents, relating to Wilcox Hospital emergency room records of all patients who presented with similar symptoms as Plaintiff since 1990.

6. All information, including documents, relating to all patients who presented with symptoms necrotizing fasciitis since 1990.

7. All information, including documents, relating to all patients who did not present with symptoms of necrotizing fasciitis (NF) or the first ED visit but were later determined to have NF, or necrotizing cellulitis (NC).

8. All information, including documents, relating to all patients who presented to Wilcox ED with symptoms similar to Plaintiff on their first visit, since 1990 to the present, including medical records of other patients named in the FAC or supplements thereto.

9. All information, including documents, relating to discriminatory or disparate medical decision-making since 1990 by Defendants' agents or employees.

10. All information, including documents, relating to the emergency room records of all Defendants' patients since 1990 who presented with

    A. symptoms of necrotizing fasciitis;
    B. symptoms of necrotizing cellulitis;
    C. symptoms of viral infection;
    D. cause for MRI and/or aspiration and/or biopsy.

11. All information, including documents, relating to patients presenting to Defendants' ED with swelling, recent trauma, and flu like symptoms since 1990.

12. All information, including documents, relating to all reasons for Plaintiff being held in the ED on May 27, 2012, or May 28, 2012, including proof of patients' occupying bed-space of Wilcox Hospital, and number of empty beds available on May 27-31, 2012, at Wilcox Hospital.

13. All information, including documents and protocols relating to all instances of false blood-pressure readings by Kauai Medical Clinic (KMC) particularly those detected by emergency room staff and physicians.

14. All information, including documents, relating to protocols, rules, and procedures for:

    A. erroneous admissions by KMC which are diverted by KFC's staff to the Wilcox ED;

    B. medical decision-making, as shown by the charts in this case and any other claims wherein medical decision-making was alleged to be disparate ;

    C. Emergency Medical screening examinations, including screening examinations for necrotizing fasciitis (NF);

15. All information, including documents, relating to discriminatory or nondiscriminatory decision-making requirements for all of Defendants' employees/agents.

16. All information, including documents, relating to patients identified in the First Amended Complaint (FAC) and Defendants' responses thereto;

17. All information, including documents, which you will refer to or offer as evidence, in the trial of this case.

18. All information, including documents, relating to comparative reimbursement rates for services provided to Plaintiff, including coded procedures,

11

assuming he was (a) uninsured but with sufficient cash, or (b) Medicaid or Quest insured, or (c) Medicare insured, or (d) PPO insured, at various plan levels.

19. All information, including documents, relating to comparative reimbursement rates for services provided to other necrotizing fasciitis (NF) patients at Wilcox Hospital.

20. All information, including documents, relating to reimbursement rates for MRI services in necrotizing fasciitis or suspected necrotizing fasciitis cases, since 1990.

21. All information, including documents, relating to complaints by patients or any governmental agency against any Defendant herein, or its employees or agents, for disparate medical screening exams, or violating EMTALA.

22. All information, including documents, relating to peer-review records involving disparate treatment and EMTALA since 1990.

23. All information, including documents, relating to trial witnesses including addresses and telephone numbers.

24. All information, including documents, relating to maintenance, repair and/or downtime of Wilcox Hospital scanning equipment including MRI, and CT systems from 2000 to present.

25. All information, including documents, relating to allegations of the FAC, including medical records of other NF patients named therein.

26. All information, including documents, relating to access to your computer system or files where patients' records are maintained, including specialized queries or searches to access and reorganize information.

27. All information, including documents, relating to MRI records since 1990 wherein necrotizing fasciitis was diagnosed before or after the MRI.

28. All information, including documents, relating to Defendants' documents reviewed to prepare for any deposition in this case.

29. All information, including documents, relating to CT records since 1990 wherein necrotizing fasciitis was diagnosed before or after the CT.

30. All information, including documents, relating to biopsy records since 1990 wherein necrotizing fasciitis was diagnosed before or after the biopsy.

31. All information, including documents, relating to peer review, or similar internal and external procedures, relating to EMTALA since 1986.

DATED: Honolulu, Hawaii, May 7, 2015.

/s/ STEPHEN M. SHAW
STEPHEN M. SHAW
PAUL H. SACCOCCIO
Attorneys for Plaintiff
MATTHEW R. LEIMBACH

13