Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

WILLIAM S. HUNT       1259
JAN M. VERNON         7389
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:  whunt@ahfi.com
          jvernon@ahfi.com

Attorneys for Defendants
HAWAII PACIFIC HEALTH,
WILCOX MEMORIAL HOSPITAL,
KAUAI MEDICAL CLINIC and
WILCOX HEALTH SYSTEM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MATTHEW R. LEIMBACH,<br><br>          Plaintiff,<br><br>     vs.<br><br>HAWAII PACIFIC HEALTH,<br>WILCOX MEMORIAL HOSPITAL,<br>KAUAI MEDICAL CLINIC,<br>WILCOX HEALTH SYSTEM and<br>DOES 1-50,<br><br>          Defendants. | CIVIL NO. 14-00246 JMS-RLP<br>(EMTALA)<br><br>DEFENDANTS WILCOX<br>MEMORIAL HOSPITAL; KAUAI<br>MEDICAL CLINIC AND WILCOX<br>HEALTH SYSTEM'S RESPONSE TO<br>PLAINTIFF MATTHEW R.<br>LEIMBACH'S FIRST REQUESTS<br>FOR PRODUCTION OF<br>DOCUMENTS AND THINGS TO<br>DEFENDANTS, PURSUANT TO<br>FRCP 34 DATED MAY 7, 2015 |

**DEFENDANTS WILCOX MEMORIAL HOSPITAL;
KAUAI MEDICAL CLINIC AND WILCOX HEALTH SYSTEM'S
RESPONSE TO PLAINTIFF MATTHEW R. LEIMBACH'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
TO DEFENDANTS, PURSUANT TO FRCP 34 DATED MAY 7, 2015[1]**

Defendants Wilcox Memorial Hospital ("WMH"); Kauai Medical

Clinic ("KMC"); and Wilcox Health System ("WHS") (collectively referred to

herein as "Defendants"), by and through their attorneys, Alston Hunt Floyd & Ing,

hereby responds to Plaintiff Matthew R. Leimbach's First Requests for Production

of Documents and Things to Defendants, Pursuant to FRCP 34, dated May 7, 2015,

as follows:

DOCUMENTS TO BE PRODUCED

1.      All information or documents used for the motion, answer, or other response
        by Defendants to the First Amended Complaint (FAC) or its successor(s).

Response:  Objection.  This Request is vague, ambiguous and overly broad.

Without waiving these objections:

*See* Defendants' Motion to Dismiss the FAC and the exhibits attached thereto.

---

[1] Per the Court's May 28, 2015 Order Denying Plaintiff's Motion to Compel and
Granting Defendant HPH's Motion for Protective order, pg. 8, [Dkt. 51], all
discovery against Defendant Hawai`i Pacific Health is stayed pending resolution of
Defendants' Motion to Dismiss.

2.     All information, including documents, relating to contents of your electronic
       and non-electronic filing systems including tables of contents, (TOC), and
       the like.

<u>Response</u>:  Objection. This Request is vague, ambiguous, overly broad, irrelevant and
not reasonably calculated to lead to the discovery of admissible evidence.

3.     All information, including documents, relating to medical records of
       Plaintiff, and communications, particularly email involving Plaintiff.

<u>Response</u>:  Objection. This email is vague, ambiguous, overly broad and not
reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

*See* the records previously provided to Plaintiff by Defendants. On 7/21/14,
Defendants provided copies of Plaintiff's medical records from Wilcox Memorial
Hospital ("WMH") and Kauai Medical Clinic ("KMC") and, on 3/11/15, Defendants
provided copies of Plaintiff's medical records from The Queen's Medical Center
("QMC"), which were obtained directly from QMC via Plaintiff's authorization.

The WMH and KMC records include all communications, if any, including emails,
sent to and/or received from Plaintiff or about Plaintiff while 1) he was in the WMH
ER on 5/24/12 and 5/27/12 and/or 2) he was an inpatient at WMH from 5/28-5/31/12.
Defendants have no knowledge as to whether such communications are included in
the QMC records.

4.     All information, including documents, relating to Defendants' protocols,
       procedures, rules, and the like to identify necrotizing fasciitis (NF),
       necrotizing cellulitis, sepsis and the symptoms and risk factors related
       thereto, in use since 1990.

<u>Response</u>:  Objection. This Request is vague, ambiguous, overly broad, irrelevant and
not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

None.

5.   All information, including documents, relating to Wilcox Hospital emergency room records of all patients who presented with similar symptoms as Plaintiff since 1990.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence in this EMTALA claim.  In addition, *see* pg. 5 of the Court's May 15, 2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery. [Dkt 43]


6.   All information, including documents, relating to all patients who presented with symptoms necrotizing fasciitis since 1990.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence.  In addition, *see* pg. 5 of the Court's May 15,2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery. [Dkt 43]


7.   All information, including documents, relating to all patients who did not present with symptoms of necrotizing fasciitis (NF) or the first ED visit but were later determined to have NF, or necrotizing cellulitis (NC).

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome, seeks confidential protected health information of third parties, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, *see* pg. 5 of the Court's May 15, 2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery [Dkt 43]

8.   All information, including documents, relating to all patients who presented to Wilcox ED with symptoms similar to Plaintiff on their first visit, since 1990 to the present, including medical records of other patients named in the FAC or supplements thereto.

Response: Objection. This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, see pg. 5 of the Court's May 15, 2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery. [Dkt 43]

9.   All information, including documents, relating to discriminatory or disparate medical decision-making since 1990 by Defendants' agents or employees.

Response: Objection. This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

None.

10.  All information, including documents, relating to the emergency room records of all Defendants' patients since 1990 who presented with

   A.   symptoms of necrotizing fasciitis;
   B.   symptoms of necrotizing cellulitis;
   C.   symptoms of viral infection;
   D.   cause for MRI and/or aspiration and/or biopsy.

Response: Objection. This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, see pg. 5 of the Court's May 15, 2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery. [Dkt 43]

11.    All information, including documents, relating to patients presenting to Defendants' ED with swelling, recent trauma, and flu like symptoms since 1990.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence.  In addition, *see* pg. 5 of the Court's May 15, 2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery.  [Dkt 43]

12.    All information, including documents, relating to all reasons for Plaintiff being held in the ED on May 27, 2012, or May 28, 2012, including proof of patients' occupying bed-space of Wilcox Hospital, and number of empty beds available on May 27-31, 2012, at Wilcox Hospital.

Response:  Objection.  This Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

Attached.  The first pg. shows that, at 1600 on 5/27/12, the census for the night shift was forecast to be 18 patients on 4T and 26 patients on 3T.  This census indicates that there were no empty beds on these floors, which are the medical/surgical floors to which Mr. Leimbach would have been admitted.  The second pg. shows that all patients who were admitted to the hospital after midnight on 5/27/12, including Mr. Leimbach, were "held" in the ER, in beds 5, 16 and 15, respectively, overnight.

13.    All information, including documents and protocols relating to all instances of false blood-pressure readings by Kauai Medical Clinic (KMC) particularly those detected by emergency room staff and physicians.

Response:  Objection.  This Request is vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

14.    All information, including documents, relating to protocols, rules, and procedures for:

      A.    erroneous admissions by KMC which are diverted by KFC's [sic] staff to the Wilcox ED;

      B.    medical decision-making, as shown by the charts in this case and any other claims wherein medical decision-making was alleged to be disparate;

      C.    Emergency Medical screening examinations, including screening examinations for necrotizing fasciitis (NF);

**Response:** Objection. This Request is vague, ambiguous, overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the request is argumentative and based on facts not in evidence.

Without waiving these objections:

      A.    None. KMC does not "admit" patients.

      B.    None.

      C.    The EMTALA-related policies that were in effect in May 2012 are attached.

15.    All information, including documents, relating to discriminatory or nondiscriminatory decision-making requirements for all of Defendants' employees/agents.

**Response:** Objection. This Request is vague, ambiguous, overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the request is argumentative.

Without waiving these objections:

"Patient's Rights and Responsibilities" is attached. *See* also a photograph of the EMTALA sign in WMH's ER. The sign that was in the ER on May 24 and May 27, 2012, which contained the same statutory language, was replaced a couple of years ago because it was in such poor condition.

16.   All information, including documents, relating to patients identified in the First Amended Complaint (FAC) and Defendants' responses thereto.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence.  In addition, *see* pg. 5 of the Court's May 15, 2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery. [Dkt 43]

17.   All information, including documents, which you will refer to or offer as evidence, in the trial of this case.

Response:  Defendants have not yet determined what documents it may offer as evidence at trial of this matter.  It will provide its exhibits and exhibit list in the time and manner required by law or the court.

18.   All information, including documents, relating to comparative reimbursement rates for services provided to Plaintiff, including coded procedures, assuming he was (a) uninsured but with sufficient cash, or (b) Medicaid or Quest insured, or (c) Medicare insured, or (d) PPO insured, at various plan levels.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

There is no list of reimbursement rates available to Defendants that contains this information.  Most insurers have multiple levels of available plans, each with separate reimbursement schedules, under which they insure patients. Defendants do not have coverage details for each plan level.  For example, if a patient indicates that he is insured by HMSA, the WMH bill goes to HMSA and it is up to HMSA to determine what services are covered under the patient's health plan and how much HMSA will reimburse WMH, if anything.  A patient who indicates that he does not have insurance is sent the same bill.  It has been WMH's business practice for many years, including in 2012, to offer to a patient without insurance a 35% discount if he pays the bill in full within 90 days.

19.   All information, including documents, relating to comparative reimbursement rates for services provided to other necrotizing fasciitis (NF) patients at Wilcox Hospital.

Response:  Objection. This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

*See* Defendants' response to Request No. 18, which is incorporated herein by reference.

20.   All information, including documents, relating to reimbursement rates for MRI services in necrotizing fasciitis or suspected necrotizing fasciitis cases, since 1990.

Response:  Objection. This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

*See* Defendants' response to Request No. 18, which is incorporated herein by reference.

21.   All information, including documents, relating to complaints by patients or any governmental agency against any Defendant herein, or its employees or agents, for disparate medical screening exams, or violating EMTALA.

Response:  Objection. This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

None known.

22.  All information, including documents, relating to peer-review records involving disparate treatment and EMTALA since 1990.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this Request seeks information that may be confidential and protected from disclosure by the attorney-client privilege, attorney work product privilege and/or Haw. Rev. Stat. 624-25.5.

Without waiving these objections:

None.


23.  All information, including documents, relating to trial witnesses including addresses and telephone numbers.

Response:  Defendants have not yet determined what witnesses it may call to testify at trial of this matter.  They will provide their witness lists in the time and manner required by law or the court.


24.  All information, including documents, relating to maintenance, repair and/or downtime of Wilcox Hospital scanning equipment including MRI, and CT systems from 2000 to present.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections:

WMH is in the process of trying to locate any such maintenance documents, to the extent they exist, for the dates of May 24, 2012 and May 27, 2012.  It has been able to determine that its MRI machine at least one of its two CT scanners were available on May 24, 2012 because CTs and MRIs were performed on several patients during the time frame when Mr. Leimbach was in the WMH ER.  CTs were also performed on patients at WMH on May 27, 2012, which was a Sunday, during the time frame when Mr. Leimbach was being evaluated in the ER.  No MRIs were performed on May 27.

However, MRIs are performed on Sundays only on an urgent basis, so the fact that no MRIs were performed does not mean that this type of imaging was not available.

25. All information, including documents, relating to allegations of the FAC, including medical records of other NF patients named therein.

Response: Objection. This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, *see* pg. 5 of the Court's May 15, 2015 Order Denying Plaintiff's Motion for Pre-Motion Discovery. [Dkt 43]

26. All information, including documents, relating to access to your computer system or files where patients' records are maintained, including specialized queries or searches to access and reorganize information.

Response: Objection. This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

27. All information, including documents, relating to MRI records since 1990 wherein necrotizing fasciitis was diagnosed before or after the MRI.

Response: Objection. This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties and is not reasonably calculated to lead to the discovery of admissible evidence.

28. All information, including documents, relating to Defendants' documents reviewed to prepare for any deposition in this case.

Response: Objection. This Request is vague, ambiguous and nonsensical, as no depositions have been taken.

29.    All information, including documents, relating to CT records since 1990 wherein necrotizing fasciitis was diagnosed before or after the CT.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence.

30.    All information, including documents, relating to biopsy records since 1990 wherein necrotizing fasciitis was diagnosed before or after the biopsy.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome, irrelevant, seeks confidential protected health information of third parties, and is not reasonably calculated to lead to the discovery of admissible evidence.

31.    All information, including documents, relating to peer review, or similar internal and external procedures, relating to EMTALA since 1986.

Response:  Objection.  This Request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, this Request seeks information that may be confidential and protected from disclosure by the attorney-client privilege, attorney work product privilege and/or Haw. Rev. Stat. 624-25.5.

Without waiving these objections:

None.


DATED:   Honolulu, Hawai`i, June 8, 2015.


_____
WILLIAM S. HUNT
JAN M. VERNON
Attorneys for Defendants
HAWAII PACIFIC HEALTH,
WILCOX MEMORIAL HOSPITAL
and KAUAI MEDICAL CLINIC